IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT NIXON, et al.,<br><br>　　　　Defendants.<br>_____ | Nos.   C 13-0718 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

　　　　Plaintiff, an inmate in the Napa State Hospital and frequent litigator in this Court, has recently filed this pro se civil rights case. On May 18, 2000, this Court informed Plaintiff that under the "three-strikes" provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed *in forma pauperis* in federal court with civil actions filed while he is incarcerated. *See Grimes v. Oakland Police Dept.*, C 00-1100 CW (Order Dismissing Complaint, 5/18/00). Since then, Plaintiff has continued to file hundreds of civil rights actions seeking *in forma pauperis* status. With respect to each action filed, the Court conducts a preliminary review to assess the nature of the allegations and to determine whether Plaintiff alleges facts which bring him within the "imminent danger of serious physical injury" exception to § 1915(g). In the past, Plaintiff has routinely been granted leave to amend to pay the full filing fee and to state cognizable claims for relief, but he has habitually failed to do so. For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of approximately thirty-six actions under § 1915(g).

　　　　In accord with this ongoing practice, the Court has reviewed the allegations in the

1  present action and finds that Plaintiff alleges no facts which bring him within the
2  "imminent danger" clause.  The complaint makes a series of nonsensical or inherently
3  impossible allegations, including "invasion of privacy with terror intent," illegal
4  psychological medical upcoding," and "conspiracy to pretext civil litigation as a lure of
5  in pro se plaintiff into Northern District of California runs for agenda to attempt to
6  murder Rouse to induce court appearances in imminent dangerous terrain."  As has been
7  explained to Plaintiff countless times, such claims are barred.  Therefore, it would be
8  futile to grant Plaintiff leave to amend.  And even if Plaintiff did amend, he would be
9  required to pay the $350.00 filing fee, which he has never done.

10  Accordingly, this case is DISMISSED without prejudice under § 1915(g).  The
11 application to proceed *in forma pauperis* is DENIED.  No fee is due.  If Plaintiff is so
12 inclined, he may bring his claims in a new action accompanied by the $350.00 filing fee.
13 In any event, the Court will continue to review under § 1915(g) all future actions filed by
14 Plaintiff while he is incarcerated in which he seeks *in forma pauperis* status.

15 The Clerk of the Court shall close the files and terminate all pending motions in
16 the cases listed in the caption of this order.

17 IT IS SO ORDERED.

18 DATED:  March 1, 2013

19 _____
JEFFREY S. WHITE
United States District Judge

|    |    |    |
|----|----|----|
| 1  | UNITED STATES DISTRICT COURT | |
| 2  | FOR THE | |
| 3  | NORTHERN DISTRICT OF CALIFORNIA | |

JEROME L GRIMES,

        Plaintiff,

  v.

SCOTT NIXON et al,

        Defendant.

                                      /

Case Number: CV13-00718 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 1, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerome L. Grimes
Napa State Hospital
#206586-0/ Unit Q-1 & 2
2100 Napa Vallejo Highway
Napa, CA 94558

Dated: March 1, 2013

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk